

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/12/2013

| | | |
|---|---|---|
| IN RE: | § | Case No. 12-37148 |
| JEFFREY LUKE LARSON; aka LARSON, | § | Chapter 13 |
| Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION

Mary K. Quinn's proof of claim (ECF No. 27) is allowed, but only as a general unsecured claim. Mr. Larson's debt to his former family law attorney is not a priority claim.

## Background

Mr. Larson and his ex-wife were divorced on June 5, 2001. (ECF No. 42 at 1). In October 2007, Mr. Larson's ex-wife sought modification of possession access to the minor children and an increase in child support ("Modification Proceeding") under the same cause number as the divorce. (ECF No. 43 at 1-2). Claimant, Mary K. Quinn represented Mr. Larson in the Modification Proceeding. (ECF No. 42 at 1). Ms. Quinn, on Mr. Larson's behalf, filed a counter-petition to modify—requesting a change of conservatorship. (ECF No. 43 at 2). After three days of trial, an Order Modifying Parent-Child Relationship was entered on December 10, 2008. (ECF No. 43 at 2). The court awarded each parent a conservatorship over one of the children, and ordered that neither was required to pay child support. (ECF No. 43 at 2). The December 10 order provided that attorney's fees were to be borne by the party who incurred them. (ECF No. 44-1 at 16).

Mr. Larson filed a voluntary chapter 13 petition on September 27, 2012. (ECF No. 1). On November 7, 2012, Ms. Quinn filed her Proof of Claim (Claim 4-1) in the amount of $13,605.58. Ms. Quinn claims that her debt is a domestic support obligation under 11 U.S.C. § 101(14A); and is a priority claim under 11 U.S.C. §§ 507(a)(1)(A) or (a)(1)(B).

(ECF No. 32 at 1). Mr. Larson filed his Objection to Proof of Claim on November 20, 2012, asserting that the debt is not a domestic support obligation. (ECF No. 27). Ms. Quinn filed her response to Mr. Larson's objection on December 7, 2012. (ECF No. 32). At the hearing held on December 19, 2012, the Court instructed the parties to submit briefs regarding whether Ms. Quinn's debt should be classified as a domestic support obligation. Mr. Larson filed his Brief on January 24, 2013. (ECF No. 42). Ms. Quinn filed her Brief on January 25, 2013. (ECF No. 43). Ms. Quinn filed a response to Mr. Larson's Brief on February 1, 2013. (ECF No. 46).

**Analysis**

11 U.S.C. § 101(14A) defines domestic support obligation as, "a debt ... (A) owed to or recoverable by—(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian or responsible relative; or (ii) a governmental unit; (B) in the nature of alimony, maintenance, or support…of such spouse, former spouse or child of the debtor…" (C) established…by reason of applicable provisions of—(i) a separation agreement, divorce decree, or property settlement agreement; (ii) an order of a court of record; or (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit."

Under 11 U.S.C. §§ 507(a)(1)(A) and (B), claims for domestic support obligations are given first priority amongst unsecured claims.

11 U.S.C. §§ 523(a)(5) and (15) provide that a debt for a domestic support obligation, or other debt to a spouse, former spouse or child of the debtor, incurred in the course of a divorce or separation proceeding are non-dischargeable.

The crux of the argument is whether the debt owed to Ms. Quinn should be classified as a debt owed to a spouse, former spouse or child of the debtor. The Court finds that it should not be.

Mr. Larson asserts that as a threshold matter the debt to Ms. Quinn is not a domestic support obligation because such fees were not court ordered. The December 10 order provided that attorney's fees were to be borne by the party who incurred them. (ECF No. 44-1 at 16). The Court agrees with Mr. Larson that the December 10 order did not include an order to pay attorney's fees. Even assuming *arguendo* that such language constitutes an order to pay attorney's fees, the debt owed to Ms. Quinn is not a domestic support obligation.

The debt to Ms. Quinn cannot be a domestic support obligation because it is not a debt owed to a spouse, former spouse, or child of the debtor. Many courts however have rejected a literal interpretation of §§ 523(a)(5) and (15) and expanded the statute to cover attorney's fees of a former spouse reasoning that the attorney's fees are part of the underlying obligation owed to the former spouse. *Morris v. Allen (In re Morris)*, 454 B.R. 660, 662 (Bankr. N.D. Tex. 2011). Sections 523(a)(5) and (15) are an illustration of Congress' desire to balance two public policies—providing a fresh start to a deserving debtor; and the importance of a debtor's obligations to his or her family. *Id.*

However, courts have differentiated between attorney's fees incurred by a debtor's former spouse and a debtors *own* attorney's fees. *See Eric D. Fein, P.C. & Assoc. v. Young (In re Young)*, 425 B.R. 811, 818 (Bankr. E.D. Tex. 2010) (holding that debtor's liability for own fees incurred in child support dispute is not a debt owed to a spouse for purposes of § 523(a)(5)); *see also Berse v. Langman (In re Langman)*, 465 B.R. 395, 408 (Bankr. D.N.J. 2012) (debt owed by debtor to own attorney is simply a legal bill, not a debt ever owed by debtor to former spouse or child).

There is no legal basis for classifying fees to Mr. Larson's own attorney as a domestic support obligation. The rationale behind classifying the attorney's fees of a debtor's former

spouse or child as a domestic support obligation is that such fees are apart of the underlying obligation owed to the spouse or child. A debtor however cannot owe a domestic support obligation to himself, and therefore attorney's fees to a debtor's own attorney cannot be apart of any underlying domestic support obligation.

The Seventh Circuit has held that if there is a legal obligation to hire an attorney on behalf of spouse or child, the fees of an attorney hired by the debtor may be considered a domestic support obligation. *In the Matter of Rios*, 901 F.2d 71, 72 (7th Cir. 1990). Ms. Quinn argues that Mr. Larson was required to hire competent counsel to protect the best interest of his children. (ECF No. 46 at 3). This argument must fail because, while it may have been in his best interest to have competent counsel, Mr. Larson was not legally required to retain an attorney on behalf of his children.

Ms. Quinn also analogizes the fees owed to her to cases where a court has held that fees to a Guardian ad Litem or other professionals involved in disputes over children are non-dischargeable. (ECF No. 43 at 3). In such cases, the professionals represented the best interests of the children, and not the interests of the parent. The case at bar is not analogous.

The debt to Ms. Quinn is merely a legal bill for services rendered to Mr. Larson. Ms. Quinn's claim is a general unsecured claim—it does not have priority status.

## Conclusion

The Court will enter an order consistent with this memorandum opinion.

SIGNED **February 12, 2013.**

                                            Marvin Isgur
                              UNITED STATES BANKRUPTCY JUDGE